IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK05-46052 |
| | ) | |
| EARL WALLACE and | ) | |
| KAREN WALLACE, | ) | |
| | ) | CH. 13 |
| Debtor(s). | ) | |
| | ) | Filing No. 4, 12 |

ORDER

     Hearing was held in Lincoln, Nebraska, on March 22, 2006, regarding Filing No. 4, Chapter 13 Plan, filed by the debtors, and Filing No. 12, Objection to Confirmation of Plan, filed by First Nebraska Educators Credit Union.  Samuel J. Turco, Jr., appeared for the debtors, and Donald Roberts appeared for First Nebraska Educators Credit Union.

     The debtors have proposed a plan which does not pay the total amount of the debt owed to the credit union, but proposes to pay only the fair market value of the motor vehicle which is security for the debt.  Under the Bankruptcy Code as it existed for cases filed prior to October 17, 2005, there was no question that a debtor could treat a creditor's claim in this manner.

     The Bankruptcy Code was amended, and for all cases filed on or after October 17, 2005, the Code, at 11 U.S.C. § 1325(a)(9), provides "For purposes of paragraph (5), Section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910 days preceding the date of the filing of the petition, and the collateral for the debt consists of a motor vehicle . . . acquired for the personal use of the debtor . . . ."

     Section 506 referred to above is that part of the Bankruptcy Code which permits a claim to be divided into secured and unsecured portions.

     This case was filed after October 17, 2005.  The creditor does have a purchase money security interest.  The debt was incurred within 910 days preceding the date of the filing of the petition.  The collateral for the debt is a motor vehicle.  However, the motor vehicle was acquired by the debtors not only for the personal use of the debtors, but for use in their business.  The motor vehicle they had prior to the purchase of this motor vehicle was also used for personal and business purposes.

     It is the position of the credit union that the court should fashion an interpretation of this statutory section which would require that the non-personal use of the vehicle be in excess of the personal use of the vehicle or the statutory provision prohibiting the bifurcation of the claim into secured and unsecured portions should be applied.

     There is no case law and there is no detailed legislative history concerning this particular provision.  There is also no analogous statutory provision dealing specifically with motor vehicles

acquired solely for business purposes. Section 506 is applicable if the motor vehicle was acquired solely for business purposes.

Construction of a statute is a question of law. I find, as a matter of law, that if a motor vehicle was acquired for mixed use, that is, for personal use and for business use, the provision in 11 U.S.C. § 1325(a)(9) does not apply and the general statutory authorization for bifurcation of a claim into a secured and unsecured status under 11 U.S.C. § 506, does apply.

The objection of the credit union is denied. The plan may be confirmed.

SO ORDERED.

DATED this 29th day of March 2006.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    *Samuel J. Turco, Jr.
    Donald Roberts
    Kathleen Laughlin
    U.S. Trustee

Movant(*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.